FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 21 2011

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KYMBERLY L. WIMBERLY                                    PLAINTIFF

v.                      CASE NO. *5:11-CV-0186 SWW*

MCGEHEE SCHOOL
DISTRICT, a Public Body Corporate; DIRECTORS
OF THE MCGEHEE SHOOL DISTRICT,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACTITIES; THOMAS GATHEN,
SUPERINTENDENT OF THE MCGEHEE
SCHOOL DISTRICT, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY; and DARRELL
THOMPSON, PRINCIPAL OF MCGEHEE
SECONDARY SCHOOL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY                          DEFENDANTS

This case assigned to District Judge *Wright*
and to Magistrate Judge *Deere*

## COMPLAINT

COMES NOW Kymberly L. Wimberly by and through her attorney John W. Walker for her

Complaint and states:

### Introduction

This is an action for declaratory relief; injunctive relief, damages and to secure protection

of and to redress deprivation of equal protection rights secured by the Equal Protection

Clause of the Fourteenth Amendment to the U.S. Constitution and by the Constitution of the

State of Arkansas.  Plaintiff seeks injunctive, declaratory and monetary relief.  Plaintiff was a

student in the McGehee School District with an exemplary record.  Except for one "B"[1], she

earned all "A's" during her tenure at McGehee Secondary School.  Even though she had the

highest Grade Point Average (G.P.A.) in her class, Defendants forced Wimberly to share the title

---

[1] Wimberly was out for three weeks of maternity leave during her fall semester of her junior year.  She returned to school in time to take her semester exams and earned A's in every class except for a "B" in English.  She pulled her English grade back up to an "A" in the spring semester.

of Valedictorian with a white student. Defendants' actions were part of a pattern and practice of

school administrators and personnel treating the African-American students less favorably than

the Caucasian students.

## Jurisdiction and Venue

1.   This action seeks to vindicate rights protected by the Fourteenth Amendments to the

     United States Constitution and is brought under 42 U.S.C. §1983. The Court has

     jurisdiction over this civil rights action pursuant to 28 U.S.C. §1331(a) and §§1343(a)(3)

     and (4). This Court has supplemental jurisdiction over Plaintiff's state law claims under

     28 U.S.C. § 1367(a). This Court has jurisdiction pursuant to 28 U.S.C. §§2201 and 2202

     to declare the rights of the parties and to grant all further relief found to be necessary and

     proper. Costs and Attorney's Fees may be awarded pursuant to 42 U.S.C. § 2000e-5(g),

     42 U.S.C. § 1981, 42 U.S.C. § 1983, and Fed. R. Civ. P. 54.

2.   Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)

     because the events or omissions giving rise to Plaintiff's claims occurred in and will

     occur in McGehee, Arkansas.

## Parties

3.   Plaintiff Kymberly L. Wimberly ("Wimberly") is an 18 year old African American

     female who had the highest G.P.A. of the McGehee Secondary School Class of 2011.

     She is a resident of McGehee, Arkansas.

4.   Defendant McGehee School District is a public body corporate. The District receives

     federal financial assistance and maintains its administrative office at 409 Oak Street, P.O.

     Box 767, McGehee, Arkansas, 71654.

5.  Defendants Directors of the McGehee School District ("School Board") are responsible for the operation and administration of the McGehee School District.  On information and belief, the School Board is predominantly Caucasian.

6.  Defendant Darrell Thompson ("Thompson") is, and at all relevant times hereafter mentioned was, the Principal at McGehee Secondary School which is located within the McGehee School District. Defendant Thompson has at all times hereinafter mentioned acted under color of state law. In his capacity as Principal, Defendant Thompson is obliged to act in conformity with the United States Constitution and applicable federal and state laws. He is sued in both his individual and official capacities. Thompson is Caucasian.

7.  Defendant Thomas Gathen ("Gathen") is, and at all relevant times hereafter mentioned was, the Superintendent of the McGehee School District.  Defendant Gathen has at all times hereinafter mentioned acted under color of state law. In his capacity as Superintendent, Gathen is responsible for, *inter alia*, ensuring that the school district and its officials act in conformity with the United States Constitution and applicable federal and state laws. He is sued in both his individual and official capacities. Gathen is African-American but serves at the pleasure of the predominantly Caucasian School Board.

## Facts

8.  Wimberly attended McGehee Secondary School all four years of high school.  During that time, she only received on "B". Even with an Honors and AP laden course load, the rest of her grades were "A"s.

9. Because her sole "B" lowered her class standing, Wimberly worked extra hard her senior year, taking as many Honors and Advanced Placement classes as she could in order to achieve the title as valedictorian.

10. She did this even though school administrators and personnel treated two other white students as heir apparent to the valedictorian and salutatorian spots.

11. On Tuesday, May 10th, 2011, Ann Stobaugh "(Stobaugh") approached Wimberly's mother, Molly Bratton ("Bratton") with the news that Stobaugh had tabulated the seniors' grades and that Wimberly had the highest G.P.A. of her class.

12. Stobaugh was the Counselor at McGehee Secondary School, and Bratton was its certified media specialist.

13. Bratton was overjoyed and filled with pride and excitement to hear that her daughter earned the privilege of being valedictorian.

14. Bratton immediately called Wimberly to let her know that her hard work paid off and that she had the highest G.P.A. and was therefore the valedictorian.

15. When Bratton went in to the copy room that same day, other school personnel expressed concern that Wimberly's status as valedictorian might cause a "big mess".

16. Later that day, Bratton ran into Gather. Seeking to assuage her concerns, she told him what she heard in the copy room. Gather told her not to worry -- Wimberly was the valedictorian and that the G.P.A. would tell the story.

17. On Wednesday, May 11, 2011, Thompson went into Bratton's office and told Bratton that he decided to name a white student as co-valedictorian. He added that he made that decision after reading something in the handbook. He asked Bratton if he needed to let Wimberly know that she was no longer the valedictorian, or if Bratton wanted to tell her.

4

18. Bratton immediately called Gather. Gather explained that Thompson approached him about the white student. Abandoning his earlier words to Bratton, he affirmed Thompson's decision to have the white student with the lower G.P.A. also listed as a valedictorian.

19. Even though Stobaugh had already sent a press release to the local paper heralding Wimberly's achievement, the School sent out another release listing the white student as valedictorian, supplanting Wimberly's announcement.

20. Wimberly also met with Gather to protest his decision, to no avail.

21. As the parent of Wimberly, Bratton tried to appeal Thompson's decision to the School Board. She filled out a form for "public comments" so she could speak before the School Board at their May meeting. However, Gather did not allow her to speak. He told Bratton that she filled out the wrong form. Instead of "public comments", Bratton should have asked for "public participation". Because the form was incorrect, Gather said Bratton had to wait until the June 27th School Board meeting to appeal the decision. Wimberly's graduation was on May 13th.

22. Until Wimberly, the last African-American valedictorian in the McGehee School District was in 1989.

23. Even though the 2010-2011 student body population of McGehee Secondary School is 46% African-American[2], African-American students were by and large relegated to the regular classes by school administration and personnel.

24. African-American students were not encouraged to take Honors or Advanced Placement classes. Caucasian students had to almost opt out of being assigned to the honor's track.

---

[2] Arkansas Department of Education,
https://adedata.arkansas.gov/statewide/Schools/EnrollmentRaceGender.aspx?year=21&search=mcgehee&pagesize=10

Conversely – or perversely, African-American students had to make an effort to be considered for the honor's track.

25. This was due to the discouragement of school administrators and personnel. The Advanced Placement English teacher discouraged African American students from enrolling by telling them, among other things that the work was too hard. Out of seven (7) total students for the 2010-2011 school year, only one (1) African-American student, Wimberly, ended up enrolling in that teacher's class. Conversely, the non-Caucasian Advanced Placement Biology teacher encouraged all the McGehee students to enroll in her class. Resultantly, four (4) out of eight (8) Advanced Placement Biology students in the 2011-2012 school year were African-American. On information and belief, all of the African-American students did well, and none of them were the lowest grade earners.

26. At McGehee Secondary School, none of the Advanced Placement Teachers are African-American.

27. Because of Defendants continuous disparate treatment of African-American students, Defendants' actions towards the Plaintiff can be properly classified as intentional.

28. Defendants did not support African-American students, and did not want to see Wimberly, an African-American young mother as Valedictorian.

29. But for Wimberly's race, Defendants would not have selected a student with a lower G.P.A. than Wimberly to also be a valedictorian.

### Count I.  Violation of Plaintiff's Fourteenth Amendment Rights

30. Plaintiff incorporates by reference all preceding paragraphs.

31. Once the state endeavors to provide educational opportunities, it must do so on equal terms. Thus, Plaintiff contends that the policies and decisions of the Defendants have been applied inconsistently and unequally to the African-American students in the McGehee School District, including Wimberly.

32. Disparate treatment of Plaintiff because of her race is a violation of her rights under the Equal Protection Act and the Constitution of the United States.

33. Acting under the color of state law, the racially motivated decisions of the Defendants are to the detriment of Wimberly and deprived her of her position as valedictorian.

34. The discretionary actions of Gather in not allowing Bratton to speak at the school board meeting denied Wimberly's right to appeal Defendants' decision appointing a white student with a lower G.P.A. as valedictorian, thereby denying her due process.

### Count II. Violation of Plaintiff's State Constitutional Rights

35. Plaintiff incorporates by reference all preceding paragraphs.

36. Count II of this controversy includes a claim involving violations of the Constitution of the State of Arkansas, the Arkansas Civil Rights Act of 1993 as well as various provisions of statutory law and common law of the State of Arkansas that are inextricably linked in the same circumstances and deprivations of civil rights giving rise to the claim in Count I.

### Count III. Violation of Plaintiff's Right to a Free and Equal Public Education

37. Plaintiff incorporates by reference all preceding paragraphs.

38. Under the Arkansas Constitution at Article 14, Sections 1, and Article 2, Sections 2, 3, and 18, school districts throughout the State must provide substantially equal educational opportunities.

39. Defendants' disparate treatment of the African American students of McGehee School District including Wimberly based on their race as well as the intentional creation of a hostile educational environment is a violation of their rights under the laws of the State of Arkansas.

40. As a result of the Defendants' violation of Plaintiff's rights, Plaintiff suffered and continues to suffer damages to be proven at trial.

WHEREFORE, Plaintiff respectfully requests that this matter be set for a trial by jury and that after such trial Plaintiff be awarded damages and attorney's fees against the Defendants as well as the following relief:

(a) Declaratory judgment that repeated practices of Defendants against its' African American students constitute an intent to violate the Equal Protection Clause;

(b) Declaratory judgment that she is the sole valedictorian of McGehee Secondary School Class of 2011;

(c) Injunctive relief in that the McGehee School District be ordered to correct all records to reflect that Plaintiff is the sole valedictorian McGehee Secondary School Class of 2011;

(d) Punitive damages in an amount over $75,000 for the willful discriminatory decisions of the Defendants; and

(e) For any other relief to which she may be entitled.


Respectfully submitted,

John W. Walker #64046
John W. Walker, P.A.
1723 Broadway
Little Rock, Arkansas 72206
501-374-3758
501-374-4187 (facsimile)

8

Email: johnwalkeratty@aol.com

Dated: July 19, 2011